## AUTREY *v.* CAIN.

The consideration of the note sued upon being the plaintiff's interest as an heir at law of her deceased father in a tract of land constituting a part of his estate, the title to which was involved in a "lawsuit" when the note was executed, it being stipulated that if the entire tract was held by the estate, the note was to be collectible in full, but if only a part of the land was held by the estate, the note should be "collectible only *pro rata,*" and the litigation having so resulted that "the entire tract was held by the estate," the defendant, who was also an heir at law of the deceased, after receiving the plaintiff's full share of the proceeds of the entire tract realized at a sale thereof by the administrator, was bound to pay the whole amount of the note, although by the terms of the verdict rendered in the "lawsuit," the administrator was required to pay a stated sum to the opposite party, and did pay the same out of other assets of the estate, thus diminishing the distributive shares of both the plaintiff and the defendant in those assets.

May 11, 1896. Argued at the last term.

Complaint on note. Before Judge Gober. Milton superior court. August term, 1895.

*T. L. Lewis,* for plaintiff in error.
*J. P. Brooke,* contra.

LUMPKIN, Justice.

This was an action by Mrs. Cain against her brother, T. A. Autrey, upon his promissory note, payable to herself, for the sum of $50. The judge, who tried the case without a jury, rendered a judgment in her favor, and defendant excepted.

It appeared at the trial, that the plaintiff and the defendant were heirs at law of R. M. Autrey, each being entitled

to an undivided one seventh of his estate, which was sol-
vent. Among other property, the deceased had claimed to
be the owner of a tract of land known as the "Tribble
place," but there was some sort of "lawsuit"—the nature
of which the record before us does not disclose—between
one Eva Webb and the administrators of R. M. Autrey
concerning this tract of land. While this litigation was
pending, Mrs. Cain sold her interest as an heir at law of
her father in this particular land to T. A. Autrey, taking
for the same the note sued on. Attached to the note was
an agreement, signed by her, in the following words:
"The condition of the above note is such that all lands
known as the Tribble place are held by the estate of R. M.
Autrey, then this is collectible; if only part is held by the
said [estate], then it shall be collectible only *pro rata.*"
The "lawsuit" resulted in a verdict vesting the title to the
Tribble place in the estate, upon the payment by the ad-
ministrators of $250 to Eva Webb and the costs of the
suit. The administrators paid these sums out of assets
other than the Tribble place; sold the latter, and with Mrs.
Cain's consent, paid over to T. A. Autrey her full share
of its proceeds, without deduction. The defendant con-
tended that one seventh of the money paid to enable the
estate of his father to hold the Tribble place should be
deducted from the note which he had given to his sister,
the plaintiff, for her one seventh interest in that land.
The trial judge disagreed with him, and we agree with the
judge. Mrs. Cain's contract with her brother was equiv-
alent to a conveyance and warranty of a clear title to him,
not to all of the Tribble land, but to her one seventh of the
same. She made good her covenant by discharging the
encumbrance placed upon her seventh by the verdict in
the Webb case. In paying off this encumbrance, the ad-
ministrators used assets of the estate, one seventh of which
she otherwise would have received; and therefore, it is the
same thing as if, with money taken from her own pocket,

or raised from another source, she had paid off one seventh of the judgment in favor of Webb. In short, the defendant got exactly what he bought, and ought to pay for it. If the Eva Webb judgment had been satisfied with a portion of the proceeds of the Tribble place, the case would be entirely different. In that event, it would have been incumbent upon Mrs. Cain to relieve the fund derived from the sale of that land of one seventh of the amount of that judgment, so as to allow her brother to receive her gross share in the proceeds of the land. As the matter worked out, she did precisely what she agreed to do, and the judge was correct in holding that she was entitled to collect the full amount of the note.        *Judgment affirmed.*